S91A0277, S91X0278, S91X0279. CHASTAIN et al. v. CHASTAIN et al. (three cases).
(404 SE2d 552)

WELTNER, Justice.

W. D. Chastain died in 1974. The following provisions in his will concerned education for his nephews Richard, Thomas, and Joseph Chastain:

### Item IV.

All the rest and residue of my estate, I will and bequeath to my mother, Cassie W. Chastain, for her use during her lifetime, with the right to encroach upon the corpus thereof for her maintenance, care and support.

### Item V.

Upon the death of my mother or if she should predecease me, I will, devise and setover to my brothers Harold Chastain and Edward W. Chastain, as Trustees, all the rest and residue of my estate and from the Trust, so created, they are directed to provide the funds for educational purposes for my brother's three (3) sons, Richard, Tommy and Joey Chastain.

### Item VI.

Upon the completion of the education of my brother Richard's three (3) sons as set out above, the Trustees are directed to divide the remainder of my estate between my brothers and sisters, share and share alike.[1]

In 1974, after W. D. Chastain's death, his mother executed an agreement divesting herself of any right under Item IV and conveyed all her rights to the executors of the will. The agreement was filed in

---

[1] Richard Chastain was born in 1956; Thomas Chastain was born in 1957; and Joseph Chastain was born in 1960. At the time of the death of W. D. Chastain, their ages were 19, 17, and 15.

the probate court in 1981. Mrs. Chastain died in 1985. In 1988, the nephews filed an action in superior court seeking, inter alia, monetary damages. The trial court dismissed the complaint for failure to state a claim, and on the basis of the statute of limitation.

1. The nephews contend that they were unaware of the existence of the divesting agreement until their grandmother's death in 1985.

The following factual circumstances are pertinent:

(a) The renunciation of their grandmother's life estate was a matter accomplished in secret by the executors.

(b) The record is unclear as to whether the nephews knew of the renunciation before the death of their grandmother.

(c) Under the terms of the will, the nephews were entitled to no funds until their grandmother's death.

2. The following authorities control:

(a) OCGA § 9-3-96:

If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud.

(b) *Morris v. Johnstone*, 172 Ga. 598 (158 SE 308) (1931):

Where persons sustain toward another a relation of trust and confidence, their silence when they ought to speak, or their failure to disclose what they ought to disclose, is as much a fraud in law as an actual affirmative false representation. [Id. at headnote 3.]

3. There are genuine issues of material facts as to the commencement of the running of the statute of limitation regarding the nephews' claims of fraud, conversion, and breach of trust. Hence, the trial court should not have granted summary judgment to the remaindermen and to the executors on the basis of the statute of limitation.[2]

4. The trial court was correct in denying the executors' motion requesting construction of the will. The terms "funds for educational purposes" are self-explanatory and require no construction.

5. The nephews contend that the trial court's dismissal of the entire action overlooks Edward Chastain's appeal from his removal as

---

[2] The trial court also dismissed the action for failure to state a claim upon which relief could be granted. The contention of the remaindermen and of the executors' on this issue is that the nephews' lack of education was of their own making, and hence they suffered no harm by any actions of the executors. The motion contains no allegations of fact that vitiate the nephews' claims of fraud, conversion, and breach of trust.

executor by the probate court. In light of our disposition of this case, the superior court will have an opportunity to consider this issue on remand, and we need not address it.

6. The other contentions of the remaindermen are without merit.

*Judgment reversed in Case No. S91A0277 and case remanded. Judgment affirmed in Case Nos. S91X0278 and S91X0279. All the Justices concur.*

DECIDED MAY 28, 1991.

*Louis Levenson & Associates, Louis Levenson,* for appellants.

*Duard R. McDonald, Max D. Kaley, Stephen C. Steele, Long, Aldridge & Norman, W. Stell Huie, Andrew B. Williams II,* for appellees.